Judge McMahon

12 CV 9131

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED HASSAN and BYRON RODRIGUES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ROWAB ENTERPRISES LTD. d/b/a CARNEGIE DELI, MARIAN H. LEVINE and SANFORD "SANDY" LEVINE, Jointly and Severally,<br><br>Defendants. | Civil Action No. 12-cv-_____<br><br>CLASS & COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

## NATURE OF THE ACTION

1. Plaintiffs are current and former servers at Defendants' "world famous" delicatessen and restaurant in midtown Manhattan. Plaintiffs bring this action to recover unpaid minimum and overtime wages owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 650 *et seq.*, and for unpaid spread of hours payments and reimbursement of illegal wage deductions owed to them pursuant to the NYLL and the supporting regulations. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated wait staff and non-managerial restaurant employees of Defendants, and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all wait staff and other non-managerial restaurant employees who have worked for Defendants in New York.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

1

§§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff Mohammed Hassan ("Hassan") was, at all relevant times, an adult individual residing in Kings County, New York. Plaintiff Hassan consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

6. Plaintiff Byron Rodrigues ("Rodrigues") was, at all relevant times, an adult individual residing in Queens County, New York. Plaintiff Rodrigues consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

7. Upon information and belief, Rowab Enterprises LTD. d/b/a Carnegie Deli ("Carnegie Deli" or the "Corporate Defendant") is an active New York corporation with its principle place of business at 854 7th Avenue, New York, New York 10019.

8. Upon information and belief, Defendants Marian H. Levine ("M. Levine") and Sanford "Sandy" Levine ("S. Levine" and, collectively with M. Levine, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants"), are the owners, operators and managers of the Corporate Defendant who set the Corporate Defendant's payroll practices. Throughout the relevant time period, the Individual Defendants were in charge of

hiring and firing employees, setting schedules and wage rates, determining the Corporate Defendants' policies with respect to payroll and otherwise running the business of Carnegie Deli. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. § 207, Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and all other wait staff and other non-managerial restaurant employees (the "Collective Action Members") who are or were employed by the Defendant since December 14, 2009 and through the entry of judgment in this case (the "Collective Action Period").

10. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage and failing to pay overtime premiums for work performed over forty (40) hours each week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty per week.

## CLASS ALLEGATIONS – NEW YORK LABOR LAW

11. Pursuant to the NYLL, Plaintiffs bring their Third through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all wait staff and other non-managerial restaurant employees who are or were employed by Defendant within

3

New York (the "Class Members") at any time since December 14, 2006 and through the entry of judgment in this case (the "Class Period").

12. The Class Members are so numerous that joinder of all members is impracticable.

13. Although the precise number of Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

14. Upon information and belief, there are well in excess of forty (40) Class Members.

15. There are questions of law and fact common to the claims of Plaintiffs and the claims of the Class, including whether Defendants had a corporate policy of: failing to pay minimum wage for all hours worked; failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; failing to pay an additional hour's wage at minimum wage when employees worked shifts lasting ten or more hours or when employees worked a split shift; and unlawfully deducting from employees' earned wages.

16. Plaintiffs' claims are typical of the Class Members' claims, and Plaintiffs will fairly and adequately represent the Class. There are no conflicts between Plaintiffs and the Class Members and Plaintiffs' counsel are experienced in handling class litigation.

17. The Third through Sixth Causes of Action are properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

   a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wages for all hours worked;

c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premium pay for hours worked in excess of forty (40) hours per workweek;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members an additional hour of pay for each hour worked in excess of ten (10) hours in one day and an additional hour of pay for each split shift worked in a day;

e. whether Defendants took unlawful deductions from the earned wages of Plaintiffs and the Class Members; and

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

18. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

19. At all relevant times, Defendants have been in the restaurant business. Defendants currently own, operate and manage Carnegie Deli, a delicatessen and restaurant located at 854 7th Avenue, New York, New York 10019.

20. According to Defendants' website, http://www.carnegiedeli.com, "Carnegie Deli is a true New York City landmark" that was "founded in 1937" and "now in its third generation of owners . . . is still family owned and operated by Marian Levine . . . and her husband Sandy Levine." The website also states that they have other locations in the Mirage Hotel in Las Vegas, Foxwoods Casino in Connecticut, Six Flags in New Jersey and at The Sands Casino in Bethlehem, PA.

21. Among the frequent positive praise Carnegie Deli has received from the press, the USA Today has called Defendants' restaurant the "most famous" deli in the United States and, according the the New York Convention & Visitors Bureau, it is among the most visited restaurants of its type in the city.

22. Upon information and belief, throughout the relevant time period, Defendant S. Levine has been in charge of the day-to-day operations of the restaurant and is a frequent presence inside the restaurant during the weekdays. Upon information and belief, S. Levine also maintains an office located upstairs from the restaurant, whereby he is able to observe the operations of the restaurant through the camera surveillance system. Throughout the relevant time period, S. Levine, in conjunction with M. Levine, has been in charge of setting the wages of the resturant's employees and overseeing the workers and implementing the unlawful policies complained of herein.

23. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

25. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

26. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

27. Plaintiff Hassan began working for Defendants in or around June 2005 and is presently still working for Defendants (the "Hassan Employment Period"). In or around July 2010, Hassan joined the UNITE HERE UNION LOCAL 100 ("Union") seeking higher wages and other employment-related protections typically afforded by union membership.

28. Plaintiff Rodrigues worked for Defendants from in or around April 2004 through in or around October 7, 2012 (the "Rodrigues Employment Period"). Rodrigues joined the Union in or around the summer of 2008.

29. Throughout their respective employment periods, Plaintiffs worked for Defendants as waiters paid on an hourly basis plus gratuities. Prior to joining the Union, Planitiffs were paid an hourly rate of between approximately $2.50 and $3.00 per hour for all hours worked. Although their schedules fluctuated and were changed throughout their employment with Defendants, Plaintiffs were typically scheduled to work six (6) days per week, with shifts between seven (7) and thirteen (13) hours per day, for a total of at least forty-five (45) hours each week. Notwithstanding the fact that the Plaintiffs typically worked in excess of forty (40) hours each week, Defendants failed to pay overtime premiums for hours worked over forty in a given week, and instead paid all hours at the same "straight-time" hourly rate. Paying Plaintiffs at hourly rates between $2.50 and $3.00 per hour, without overtime premiums for hours worked over forty each week, was a corporate policy of Defendants that applies to all of Defendants' non-Union employees throughout the relevant period.

30.     Prior to joining the Union, Plaintiffs and Defendants' other non-Union employees received their wages in cash each week, in an envelope with their name written on the top. Plaintiffs did not receive a breakdown of their hours worked or hourly rate or any details as to tax withholdings. Upon information and belief, the majority of the restaurant's back-of-the-house employees, including dishwashers and grill men/cooks are not presently members of the Union and thus paid "off-the-books."

31.     After joining the Union, Plaintiffs were paid $5.00 per hour, with hours worked in excess of forty (40) each week paid at overtime rates of $7.50 per hour. Plaintiffs continued to be paid their wages in cash, yet they received a paystub with a voided check setting forth their hours and withholdings. These wage statements, however, were frequently inaccurate because they failed to include all hours worked. The other violations complained of herein continue despite Plaintiffs' and other employees' membership in the Union.

32.     Throughout their employment with Defendants, Plaintiffs regularly worked shifts in excess of ten (10) hours in a given day, yet Defendants failed to pay Plaintiffs spread of hours pay equal to an additional hour of minimum wage for each hour worked in excess of ten in a given day. Defendants' failure to pay Plaintiffs spread of hours pay was a corporate policy that applied to all of Defendants' non-managerial employees working shifts more than ten hours in one day and/or split shifts throughout the relevant period.

33.     Defendants maintained a punch card timekeeping system, whereby Defendants' employees would punch in and punch out to record their hours worked each day. Throughout their employment with Defendants, when Plaintiffs worked shifts of eight (8) or more hours, Defendants would automatically deduct one (1) hour as a "lunch break" from the Plaintiffs' hours worked for that day, notwithstanding the fact that Plaintiffs were not given a one hour

lunch break, or any breaks for that matter. Defendants' deduction of one hour for shifts lasting eight or more hours was a corporate policy that applied to all of Defendants' non-managerial employees working shifts of eight or more hours throughout the relevant period.

34. Throughout their employment with Defendants, if Plaintiffs made an error in the calculation of a customer's food bill, thereby charging the customer less than the amount that the food bill should have cost, Defendants would deduct from the Plaintiffs' weekly wages the amount that they "lost" by undercharging the customer. Deducting these business expenses from Plaintiffs' wages for errors in calculations of customer food bills was a corporate policy that applied to all of Defendants' servers throughout the relevant period.

35. Plaintiffs and the Collective Action Members/Class Members were all paid pursuant to the same corporate policies of Defendants that applied to their hourly restaurant employees, including failing to pay minimum wages, spread of hours and overtime premiums and taking unlawful business expense deductions.

36. Upon information and belief, throughout the Class Period, Defendants have employed other individuals who worked as wait staff, counter servers, dishwashers, grill men/cooks and other hourly employees who Defendants improperly denied minimum wage and overtime compensation. Such individuals were not paid spread-of hours pay when working split shifts or over 10 hours per day and were similarly paid on a monthly basis. Further, the Class Members were unlawfully deducted from their earned wages for customer food bill errors.

37. Plaintiffs' work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

38. The work performed by Plaintiffs required little skill and no capital investment.

39. Throughout the Class Period and, upon information and belief, continuing until

today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.

40. As stated, the exact number of such similarly situated individuals is presently unknown but is believed to be well in excess of forty (40) individuals and can be ascertained through appropriate discovery.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

41. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendants' failure to pay minimum wages caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

45. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

49. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

51. Defendant's failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class

Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – UNPAID OVERTIME

52. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

54. Defendant's failure to overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS

55. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all

instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL § 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7. (2010), 146-1.6 (2012).

57. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### SIXTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – UNLAWFUL WAGE DEDUCTIONS

58. Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. Defendants willfully violated the rights of the Plaintiffs and the Class Members by making improper deductions from their earned wages, in violation of § 193 of the New York Labor Law and the regulations promulgated thereunder.

60. Defendants' deductions from earned wages caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants the amount that Defendants took from their wages in the form of deductions, damages for unreasonably delayed payment of wages, liquidated/punitive damages, pre and post-judgment interest, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663(1) *et al.*

### PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of damages for the non-payment of spread-of-hour pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  An award of damages arising out of the illegal deductions from earned wages;

j.  An award of liquidated damages arising out Defendants' willful illegal deductions from earned wages, pursuant to the NYLL;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
December 14, 2012

PELTON & ASSOCIATES PC

By: _____
Brent E. Pelton (BP 1055)
Taylor Graham (TG 9607)
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, Individually, and on Behalf of All Other Persons Similarly Situated*

December 4, 2012
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Carnegie Deli and and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wage and overtime as required under state and/or federal law, and for making illegal wage deductions, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  12-12-12
Signature          Date

MOHAMMED MAHMUDUL HASSAN
Printed Name

December 6, 2012
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Carnegie Deli and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wage and overtime as required under state and/or federal law, and for making illegal wage deductions, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   12/11/12       BYRON RODRIGUEZ
Signature                 Date           Printed Name